F I L E D
United States Court of Appeals
Tenth Circuit

APR 6 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LESTER ERVIN SMITH, JR.,

Defendant - Appellant.

No. 97-3163

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(D.C. No. 95-CR-40083-4)

---

Submitted on the briefs:

Michael G. Katz, Federal Public Defender, and Jill M. Wichlens, Assistant
Federal Public Defender, Denver, Colorado, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, and Gregory G. Hough, Assistant
United States Attorney, Topeka, Kansas, for Plaintiff-Appellee.

---

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

---

**McKAY**, Circuit Judge.

---

After examining the briefs and the appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Pursuant to a plea agreement, Defendant, Mr. Lester Ervin Smith, pled guilty to one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. The plea agreement stipulated that the government would: (1) recommend that Defendant receive a three-level reduction for acceptance of responsibility pursuant to U.S. Sentencing Guideline (U.S.S.G.) § 3E1.1; (2) recommend that Defendant receive a two-level reduction for his minor role in the offense pursuant to U.S.S.G. § 3B1.2; (3) recommend that Defendant not receive a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1); (4) recommend that Defendant not receive a two-level sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1; and (5) if appropriate, file a motion for a substantial assistance departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) recommending that Defendant's sentence not exceed one-half of the appropriately calculated guideline range. See R., Vol. I, Doc. 459.

The Presentence Report (PSR) noted the government's recommendations, see R., Vol. IV at 7-8, but rejected the government's position on the firearm

enhancement and the minor-role reduction. See id. at 15-16. The PSR arrived at a total offense level of 40, which included an enhancement for being a manager or supervisor of an illegal enterprise. See id. at 16. The PSR did, however, favorably incorporate the government's recommendations on the acceptance of responsibility and obstruction of justice adjustments. See id. The guideline sentencing range for the recommended offense level of 40 and criminal history category of IV is 360 months to life. See U.S. Sentencing Guidelines Manual (Table). After the PSR was completed, the government filed a motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) recommending that the Defendant be sentenced to a term of imprisonment of 180 months. See Supplemental R., Vol. I, Doc. 508. At the sentencing hearing, the court noted the statements in the PSR concerning the government's recommendations. See R., Vol. II at 3, 16. The court stated that it would not impose the Probation Office's proposed three-level enhancement for an aggravated role in the offense. See id. at 3-4. The sentencing court therefore calculated Defendant's offense level as 37 and sentenced the Defendant to 146 months of imprisonment, one-half of the lowest sentence in the guideline range for that offense level. See id. at 17-18.

On appeal, Defendant contends that the government breached the plea agreement by not arguing for the sentence adjustments it agreed to "recommend" at the sentencing hearing. Defendant maintains that to fulfill the terms of the plea

3

agreement, the government must do more than simply have the terms of the plea agreement included in the PSR. See Appellant's Br. at 7. We review the issue of whether a plea agreement is violated *de novo*. See United States v. Hawley, 93 F.3d 682, 690 (10th Cir. 1996).

The core issue in this case is: Does the government breach a plea agreement if it does not engage in persuasion at the sentencing hearing even though the court is made aware of the government's position by virtue of its inclusion in the Presentence Report? We hold that the government did not breach this plea agreement because the agreement did not expressly require government allocution in favor of its recommendations.

The prosecutor agreed to perform five specific acts, i.e., to: (1) recommend that Defendant receive a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1; (2) recommend that Defendant receive a two-level reduction for his minor role in the offense pursuant to U.S.S.G. § 3B1.2; (3) recommend that Defendant not receive a two-level enhancement for possession of a firearm pursuant to U.S.S.G. § 2D1.1(b)(1); (4) recommend that Defendant not receive a two-level sentence enhancement for obstruction of justice pursuant to U.S.S.G. § 3C1.1; and (5) file a motion for a substantial assistance departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). All of the agreed-upon recommendations were reported in the PSR. See R., Vol. IV at 7-8. The

government's recommendations, contained within the Presentence Report, were noted by the judge at the sentencing hearing. See R., Vol. II at 3, 16. We note that the trial court did grant the government's U.S.S.G. § 5K1.1 motion, while rejecting the government's other sentence adjustment recommendations.

The government fulfilled its obligation to recommend the sentencing adjustments when those recommendations were considered, although rejected, in the Presentence Report. The sentencing judge may exercise his discretion at sentencing without transforming the prosecutor's silence into a breach of the agreement. Defendants should be advised that when there is no specific statement in a plea agreement that the government must allocute in favor of its recommendation(s) at a sentencing hearing, the government can satisfy the term "recommendation" by having its recommendations included in the PSR, which is then called to the attention of the sentencing court.

We hold that the term "recommendation" in a plea agreement does not require the prosecutor to allocute in favor of specific adjustments in the defendant's sentence if the recommendations are contained in the PSR and the prosecutor does not allocute against an agreed-upon adjustment. Accord United States v. Maling, 942 F.2d 808, 810-11 (1st Cir. 1991); but see United States v. Myers, 32 F.3d 411, 413 (9th Cir. 1994) ("The bargain that the defendant agreed to was not a promise by the government to recommend, but the actual fact of

5

recommendation. . . . It [is] insufficient that the court, by reading the presentence report and the plea agreement, was aware [of the government's recommendation.]"). Courts routinely hold that prosecutors breach plea agreements when they engage in condemnatory speech or contradictory acts at sentencing. See, e.g., United States v. Peglera, 33 F.3d 412, 414 (4th Cir. 1994); Brunelle v. United States, 864 F.2d 64, 65 (8th Cir. 1988); United States v. Tobon-Hernandez, 845 F.2d 277, 279-80 (11th Cir. 1988). However, in the case before us the only advocacy the prosecution undertook was to the benefit of Defendant. No act of the government before or at sentencing could be read as contrary to the position they agreed to support.

We hold that this plea agreement was not breached, and AFFIRM the decision of the district court.