**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK GARRETT HEAPS,

    Defendant-Appellant.

No. 98-4063
(D. Utah)
(D.Ct. No. 97-CR-188)

_____

**ORDER AND JUDGMENT**[*]

Before **BRORBY**, **KELLY** and **MURPHY**, Circuit Judges.

Defendant Appellant Patrick Heaps challenges the district court's ruling that the government did not breach its obligation under a plea agreement. He claims the prosecutor failed to recommend an adjustment for acceptance of responsibility as promised, and requests that we remand with instructions to comply with the plea agreement or allow him to withdraw his guilty plea. We exercise jurisdiction under 18 U.S.C. § 1291 and affirm.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

On June 11, 1997, a grand jury indicted Mr. Heaps for bank robbery and related firearm offenses. Mr. Heaps negotiated an agreement to plead guilty to three of the counts against him in return for the dismissal of the remaining charges. However, before the court could sentence him, Mr. Heaps escaped from custody. Several months later, authorities arrested him again and a grand jury indicted him for felony escape and other related firearm offenses. Mr. Heaps negotiated a second plea agreement with the government in which he agreed to plead guilty to the escape charges in return for the government's promise to request dismissal of several other counts and recommend an adjustment for acceptance of responsibility. The district court consolidated the robbery case and the escape case based on a joint motion by the parties.

At the consolidated sentencing hearing April 21, 1998, Mr. Heaps argued the court could not sentence him for the robbery and escape individually, but must group the two convictions as required under United States Sentencing Guidelines §§ 3D1.2 and 5G1.2, and then adjust for acceptance of responsibility on the overall offense level. In response, the government maintained its posture of treating the crimes separately, arguing against a reduction for acceptance of responsibility for the robbery conviction, but not opposing a reduction for the escape conviction. Mr. Heaps objected when the prosecutor argued against an

adjustment claiming the government had agreed to recommend a three-level reduction for acceptance of responsibility as part of the plea agreement. The government responded that it had only agreed to the adjustment in the escape case, not for the robbery, and that at the time the parties made the plea agreement they anticipated the court would sentence each offense separately. At the conclusion of the hearing, the district court did, in fact, sentence the offenses separately, imposing 270 months for the bank robbery and related firearm conviction, and forty-six months for the escape charges, with the sentences to run concurrently. The court expressly denied an adjustment for the robbery case, but the escape sentence included an adjustment for acceptance of responsibility as recommended by the government.

Not long after the sentencing hearing, the district court issued a Memorandum and Order correcting a technical error it made during the calculation of Mr. Heaps' sentence. The court recognized, as Mr. Heaps had contended at the sentencing hearing, it should group the multiple counts to produce a single sentence as required under the U.S.S.G. § 3D1.2(c). After grouping the offenses, the district court reassessed whether to grant the adjustment for acceptance of responsibility for the overall offense based on the totality of Mr. Heaps' conduct. Finding Mr. Heaps' escape from custody

"inconsistent with any acceptance of responsibility," the court declined to adjust the sentence. Ultimately, however, the court's decision to group and restructure the sentence did not change the previously determined term of confinement.

On appeal, Mr. Heaps reasserts his claim that the government breached the plea agreement when it argued against an adjustment for acceptance of responsibility. He contends he reasonably interpreted the government's promise during the second plea negotiation for the escape case to mean it would recommend an adjustment for acceptance of responsibility at sentencing for the "overall conduct" of both consolidated cases. He bases this interpretation of the agreement on the assumption that the prosecutor knew before agreeing to recommend an adjustment that the court had consolidated the cases and would have to group them for sentencing. Because the guidelines require courts to apply any adjustment for acceptance of responsibility for grouped offenses to the total combined counts and not each count individually, Mr. Heaps contends he understood the escape case plea agreement to mean that, by agreeing, the government would recommend an adjustment *overall* – not just for the escape charge alone. Therefore, Mr. Heaps asserts when the government did not argue for a reduction for the overall conduct, and instead argued against the adjustment for the robbery case, it breached its obligation and thwarted his expectations

under the plea agreement.

Whether government conduct violates a plea agreement is a question of law we review *de novo.* *United States v. Hawley*, 93 F.3d 682, 690 (10th Cir. 1996). As an initial matter, we note that when a defendant enters into a plea agreement, the court must ensure he receives what he is reasonably entitled to under the agreement. *Hawley*, 93 F.3d at 692. In other words, the government may not breach the terms of the plea agreement that caused a defendant to plead guilty. *See Santobello v. New York*, 404 U.S. 257, 262 (1971); *United States v. Brye*, 146 F.3d 1207, 1209 (10th Cir. 1998). In addition, even if the district court indicates the government's conduct or comments allegedly breaching the agreement had no influence on the ultimate sentence, we must still grant the defendant a remedy if a breach occurred. *Santobello*, 404 U.S. at 262-63.

In order to determine if a breach has occurred, we apply a two-step process. We first "examine the nature of the government's promise;" and then "evaluate this promise in light of the defendant's reasonable understanding of the promise at the time the guilty plea was entered." *Brye*, 146 F.3d at 1210 (internal citations omitted). General contract principles govern our analysis, and if any ambiguities are present, we resolve them against the drafter. *Hawley,* 93 F.3d at

690.

We review the express language used in the agreement in order to determine the nature of the government's promise. *Brye*, 146 F.3d at 1210. The plea agreement negotiated in the context of the escape charges plainly states "[t]he government agrees to recommend acceptance of responsibility, assuming, of course, that the defendant continues to accept responsibility." In this instance, the words of the agreement alone are insufficient to determine whether the government promised to recommend adjustment only for the escape case or for the overall conduct. Consequently, in order to construe the agreement "to comport with the parties' reasonable understanding ... at the time the guilty plea was entered," we must review it in light of the surrounding circumstances and the context of the sentencing proceedings. *Id*. at 1212. We find that even though the escape case had been consolidated with the bank robbery case for sentencing, the court and the parties were still dealing with the offenses as though they would receive separate sentences. In fact, as the district court noted: separate presentence reports were prepared, Mr. Heaps responded to the reports individually, the cases continued to maintain separate docket numbers, and the court did not consolidate the cases into a joint indictment or information. Moreover, the district court continued to treat the offenses on an individual basis

at every step in the process until it issued its final Memorandum and Order acknowledging the need to group the offenses. The plain language of the agreement coupled with the separate treatment of the robbery and escape cases persuades us the government's promise to recommend an adjustment for acceptance of responsibility extended *only* to the escape charge, not the overall conduct.

The second prong of our inquiry requires us to evaluate the government's obligation in light of the defendant's reasonable understanding of the promise at the time of the guilty plea. *Brye*, 146 F.3d at 1210. Mr. Heaps claims he interpreted the escape case plea agreement to mean the government was promising to recommend an adjustment for acceptance of responsibility with regard to his overall conduct – not just the escape charge. However, examining the reasonableness of Mr. Heaps' interpretation in light of the surrounding circumstances, we find he had to have known, or at least suspected, the government did not share his subjective interpretation of the plea agreement. As mentioned above, even though the robbery and escape offenses had been consolidated for sentencing, the parties and the court continued to treat the cases separately. Even without complete knowledge of the negotiations between the government and Mr. Heaps, we can fairly infer from the express language of the

written plea agreement and the attending circumstances that the scope of the agreement was limited to the escape case and had no bearing on the previous robbery conviction for which he had already entered a plea and was still awaiting sentencing. Moreover, if Mr. Heaps was aware at the time of making his plea in the escape case that the grouping requirements would force the court to decide whether to adjust for acceptance of responsibility for the overall offense and not the escape case alone, he should have informed the government and insisted the plea agreement clearly reflect the overall applicability of its obligation. [1] In short, although we must give deference to what a defendant reasonably understands at the time he enters the plea, we find Mr. Heaps' interpretation plainly unreasonable when viewed in the overall context of the sentencing proceedings. *See United States v. Rourke*, 74 F.3d 802, 806 (7th Cir.) (interpreting plea agreement under objective standards rather than relying solely on defendant's belief as to the scope of the plea agreement), *cert. denied*, 517 U.S. 1215 (1996).

Finally, we must decide whether the government fulfilled its promise under the agreement to recommend adjustment for acceptance of responsibility for the

---

[1] Although we do not imply that the defendant bears the responsibility of clarifying the plea agreement, if Mr. Heaps was in fact aware of the ramifications of the guideline grouping requirements before he entered the plea agreement, he should have made some effort to ensure the government shared his understanding.

escape offense. Although Mr. Heaps argues the government failed to specifically "recommend" an adjustment as promised, we find the government met its obligation. Even though the prosecutor only stated at the sentencing hearing that it did not "take exception to [Mr. Heaps'] acceptance of responsibility" with respect to the escape and firearm possession charge; we hold that statement, combined with the specific adjustment recommendations acknowledged in the presentence report, is sufficient to meet the government's obligation. *See United States v. Smith*, 140 F.3d 1325, 1327 (10th Cir. 1998) (holding "the term 'recommendation' in a plea agreement does not require the prosecutor to allocute in favor of specific adjustments in the defendant's sentence if the recommendations are contained in the [presentence report] and the prosecutor does not allocute against an agreed-upon adjustment").

In this case Mr. Heaps seized on the opportunity presented by the grouping requirement under the guidelines to try and bind the government to a promise it never actually made, and get in through the back door an overall adjustment the government would probably never have agreed to otherwise. We find this approach inventive but ultimately unpersuasive. Because the plain language of the agreement and the context in which it was made does not reflect any promise by the government to recommend adjustment for acceptance of responsibility

overall, we decline to accommodate Mr. Heaps' attempt to parlay the government's initial, limited promise into an obligation to recommend adjustment for acceptance of responsibility for the overall offense. The district court correctly ruled that the government "undoubtedly lived up to its bargain" by not opposing an adjustment for acceptance of responsibility for the escape charge, and that the government was perfectly within its rights to argue against the adjustment in the robbery case without violating the plea agreements. Although subsequent unilateral acts by the district court in restructuring Mr. Heaps' sentence effectively denied him the benefit of the adjustment for acceptance of responsibility he had bargained for, those decisions are not the subject of this appeal. Only the government's compliance with the plea agreement is at issue here, and for the reasons stated above, we hold the government did exactly what it promised. Accordingly, we **AFFIRM**.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge