**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Thomas BROWN, Defendant–Appellant.**

No. 03–3139.

United States Court of Appeals,
Tenth Circuit.

April 22, 2004.

Robert S. Streepy, Asst. U.S. Attorney, Kansas City, KS, for Plaintiff–Appellee.

James T. George, Lawrence, KS, for Defendant–Appellant.

Before BRISCOE, McWILLIAMS, and McCONNELL, Circuit Judges.

## ORDER AND JUDGMENT[*]

BRISCOE, Circuit Judge.

Defendant Thomas Brown pled guilty to distributing 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii), and was sentenced to 168 months' imprisonment. On appeal, he contends for the first time that the government breached the plea agreement. He also contends the district court erred by denying his motion for a downward adjustment to his sentence pursuant to U.S.S.G. § 3B1.2 based on his alleged minor role in the offense. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

### I.

The parties entered into a plea agreement wherein the government agreed to recommend a sentence at the low end of the guideline range, to recommend a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1,

contingent upon Brown's "continuing manifestation of acceptance of responsibility," and to not request an "upward departure from the applicable sentencing guideline range." ROA, Vol. I, Doc. 272, at 3. Brown waived the right to appeal the sentence imposed if the district court did not depart "upwards from the applicable sentencing guideline range determined by the court." *Id.* at 5.

The presentence report (PSR) referred to certain provisions of the plea agreement, including the government's agreement to recommend the three-level adjustment for Brown's acceptance of responsibility and to recommend a sentence at the low end of the guideline range. Brown responded to the PSR by filing a "Sentencing Memorandum" requesting a downward adjustment for his purportedly minor role in the offense pursuant to U.S.S.G. § 3B1.2. The government filed a "Response to Defendant's Memorandum Regarding Sentencing and Motion for Upward Departure," opposing the minor role adjustment and requesting "a two-point upward adjustment" for obstruction of justice pursuant to U.S.S.G. § 3C1.1. *Id.,* Doc. 361. Despite the title of the pleading, the government did not request an upward *departure* from the applicable guideline range.

At sentencing, the district court denied Brown's motion for a downward adjustment for his role in the offense. The court also denied the government's request for a two-level upward adjustment for obstruction of justice. The court determined Brown's adjusted offense level to be 33, which included a three-level downward ad-

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

justment for acceptance of responsibility. Based on an offense level of 33, a criminal history category of III, and the resulting sentencing range of 168–210 months, the court sentenced Brown to a term of imprisonment of 168 months.

## II.

"[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled" to maintain the validity of the plea. *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). "A claim that the government has breached a plea agreement is a question of law we review de novo, even where, as here, the defendant failed to object at the time of the alleged breach." *United States v. Werner,* 317 F.3d 1168, 1169 (10th Cir.2003); *see also United States v. Peterson,* 225 F.3d 1167, 1170 n. 2 (10th Cir.2000) (noting split among circuits "concerning the question of whether a defendant waives his right to appeal a claim that the government breached the plea agreement where the defendant failed to object to the breach before the district court"). "General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." *United States v. Guzman,* 318 F.3d 1191, 1195 (10th Cir.2003).

A defendant's waiver of appellate rights does not bar the defendant from arguing on appeal that the government breached the plea agreement. *See id.* (reaching merits of appeal which spoke "directly to the issue of breach" despite defendant's waiver of appellate rights); *United States v. Branam,* 231 F.3d 931, 931 n. 1 (5th Cir.2000) (considering whether plea agree-

ment was breached "despite an appeal-waiver provision in the plea agreement").

■ Brown argues the government breached the plea agreement by failing to verbalize certain recommendations at the sentencing hearing, namely: (1) that Brown receive a three-level downward adjustment for acceptance of responsibility, and (2) that he receive a sentence at the low end of the applicable guideline range. In *United States v. Smith,* 140 F.3d 1325, 1327 (10th Cir.1998), we stated that "the term 'recommendation' in a plea agreement does not require the prosecutor to allocute in favor of specific adjustments in the defendant's sentence if the recommendations are contained in the PSR and the prosecutor does not allocute against an agreed-upon adjustment." "[T]he government can satisfy the term 'recommendation' by having its recommendations included in the PSR, which is then called to the attention of the sentencing court." *Id.* This "straightforward holding" was recently reaffirmed in *Werner,* 317 F.3d at 1171. In this case, the plea agreement did not expressly require the government to allocute in favor of its recommendations at the sentencing hearing, and the government's recommendations were contained in the PSR.

■ Brown also argues the government breached its agreement to not seek an "upward departure" by seeking an obstruction of justice upward adjustment. The distinction between "adjustments" and "departures" is critical here. "Adjustments are changes to the total offense level calculated under the guidelines, while a departure is a sentence imposed outside the designated guideline range." *United States v. Walling,* 982 F.2d 447, 449 (10th Cir.1992). In *Walling,* we held that the government did not breach a plea agreement, which prohibited it from moving for an upward departure from the guideline

range, when it presented evidence at defendant's sentencing hearing in support of an upward adjustment for obstruction of justice. In this case, as in *Walling,* the plea agreement only prohibited the government from requesting an upward *departure.* Moreover, it is not "unfair to bind defendant to the intended meaning of the guidelines" when, as in this case, the defendant was represented by counsel throughout and the plea agreement was reached after arm's length negotiations between the defendant and the government. *Id.*

Finally, Brown contends that, at the sentencing hearing, the government effectively withdrew its recommendation that Brown receive a downward adjustment for acceptance of responsibility and thereby breached the plea agreement. At the sentencing hearing, the government noted that, under the terms of the plea agreement,[1] the government had the right to withdraw its recommendation for an adjustment for acceptance of responsibility if Brown frivolously contested relevant conduct. Although the government asserted that Brown frivolously had contested relevant conduct, it did not ask the district court to make such a finding. Therefore, the government's position at sentencing arguably ran afoul of *Guzman,* where we held that "the government may not unilaterally declare a breach of a plea agreement; a court must hold a hearing and make a finding that the defendant breached the agreement *before the government is released from its obligations under the agreement.*" *Guzman,* 318 F.3d at 1196 (emphasis added).

Additionally, we note that the government sought an enhancement for obstruction of justice. Under the Guidelines, conduct that results in an obstruction enhancement "ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct," although, in an "extraordinary" case both adjustments may be appropriate. U.S.S.G. § 3E1.1, cmt. n. 4; *see United States v. Hawley,* 93 F.3d 682, 691–94 (10th Cir.1996) (concluding government breached promise to recommend downward adjustment for acceptance of responsibility when it requested obstruction of justice enhancement and argued case did not present "extraordinary" circumstances). We do not conclude that the government breached its promise to recommend an adjustment for acceptance of responsibility merely by requesting an adjustment for obstruction. However, when the government's request for an obstruction enhancement is considered along with the government's statements at sentencing, it is difficult to square the government's sentencing stance with its agreement to recommend a downward adjustment for acceptance of responsibility. Moreover, the government does not reassert on appeal the argument made before the district court, i.e., that it was entitled to withdraw its recommendation under paragraph 4(c) of the plea agreement. Given these circumstances, we will assume, without deciding, that the government breached the plea agreement. For reasons discussed below, however, any breach on the part of the government was harmless.

---

1. Paragraph 4(c) of the plea agreement provides:

   If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the adminis-

   tration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw this recommendation without breaching this agreement.

Brown requests that, as a remedy for the government's alleged breach, he "be allowed to withdraw his waiver of appeal rights." Aplt. Br. at 9. However, a breach of a plea agreement is generally remedied either by specific performance of the agreement or by allowing the defendant the opportunity to withdraw the plea and usually the choice is made, in the first instance, by the district court on remand. See Santobello, 404 U.S. at 263 (remanding case to state court for determination of whether breach should be remedied by "specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or ... the opportunity to withdraw [the] plea of guilty"); United States v. Brye, 146 F.3d 1207, 1213 (10th Cir.1998) (stating "[w]hen the government has breached a plea agreement, it is generally preferable to remand the case to the district court for its determination as to whether defendant should be resentenced by a different judge or should be allowed to withdraw his guilty plea"); Allen v. Hadden, 57 F.3d 1529, 1534 (10th Cir.1995) (stating "[i]f the court finds that the government breached the plea agreement, the court must remand the case either for specific performance or for withdrawal of the defendant's guilty plea"). The choice of remedy rests with the court and not the defendant. Id.

In this case, a remand would be a pointless exercise because there is no connection between the government's alleged breach and any sentencing decision adverse to Brown. The district court denied the government's request for an obstruction of justice enhancement and granted Brown a downward adjustment for acceptance of responsibility. Indeed, Brown brings this appeal because he believes the district court erred in denying his motion for a minor role adjustment, an issue unrelated to the government's alleged breach.

We are cognizant that when a plea agreement is breached, a defendant is generally entitled to relief "regardless of whether the government's conduct actually affected the sentencing judge." Hawley, 93 F.3d at 693; see also Santobello, 404 U.S. at 262–63 (stating "[w]e need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea"). However, in limited circumstances, a breach is rendered "immaterial" or "harmless" by the district court's handling of the case at sentencing. In United States v. Easterling, 921 F.2d 1073, 1080 (10th Cir.1990), we concluded that any breach by the government of its agreement to file a memorandum informing the district court of defendant's cooperation was "immaterial," because the court credited defendant for his cooperation at sentencing. We affirmed the district court and remanded only for an unrelated "ministerial task." Id. at 1081. In United States v. Belt, 89 F.3d 710, 713 (10th Cir.1996), the government agreed to make no sentencing recommendation to the district court. At sentencing, however, the government argued against a sentence of probation. We concluded the government had breached its plea agreement but that, as a "matter of law," probation was not an available sentence in the case and, therefore, the breach was "harmless." Id.

█ In this case, as in Easterling and Belt, we will not remand solely as a result of the government's alleged breach because Brown clearly was not harmed by it. Since a remand is not warranted, we must next address whether the government's alleged breach released Brown from his waiver of appellate rights. Some courts have concluded the breach of a plea agreement by one party releases the opposing party from its waiver of the right to ap-

peal. *See, e.g, United States v. Bowe*, 257 F.3d 336, 342 (4th Cir.2001); *United States v. Gonzalez*, 16 F.3d 985, 990 (9th Cir. 1993). Here, we will assume, without deciding, that the alleged breach released Brown from his waiver and address his contention that the district court erred in denying his request for a minor role adjustment.

U.S.S.G. § 3B1.2(b) provides: "If the defendant was a minor participant in any criminal activity, decrease by 2 levels." A minor participant is a defendant "who is less culpable than most other participants, but whose role could not be described as minimal." *Id.* comment. n. 5. "The decision whether to grant a level reduction under § 3B1.2 is basically a determination of fact which will not be disturbed on appeal unless it is clearly erroneous." *United States v. Williams*, 923 F.2d 1397, 1404 (10th Cir.1990).

At Brown's sentencing hearing, the district court found:

> [T]he court concludes that the defendant was not a minor participant.... Defendant was involved in three significant aspects of this conspiracy—transporting, storing, and selling methamphetamine. Moreover, the amount of methamphetamine involved pound quantities, the transportation and storage of which occurred over a period of months.... [T]he defendant was involved in the sale of methamphetamine, as evidenced by defendant's sale on several separate occasions to confidential informants.

ROA, Vol. II, at 128. Brown does not dispute these findings. Instead, he contends the court applied the wrong legal standard. Specifically, he argues the court overlooked § 3B1.2, Application note 3, which provides:

> [A] defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under [§ 1B]1.3 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.

Although the district court did not expressly mention note 3 at Brown's sentencing hearing, there is no indication that the court applied the wrong legal standard. Nothing in the record suggests the district court believed it was "precluded" from considering a minor role adjustment. To the contrary, it is clear from the record that the district court fully considered whether a minor role adjustment was appropriate in light of the totality of the circumstances. Moreover, unlike the hypothetical defendant discussed in note 3, Brown's conduct was not "limited to transporting or storing drugs." He also sold methamphetamine. Given the extent of Brown's participation in the offense, we conclude the court's denial of a minor role adjustment was not clearly erroneous.

AFFIRMED.