**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4146**

_____

UNITED STATES OF AMERICA,

           Plaintiff - Appellee,

    v.

BASHIRI ALGBALA POWELL,

           Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge. (2:06-cr-00013-BO-1)

_____

Submitted:  October 20, 2008      Decided:  November 6, 2008

_____

Before KING, SHEDD, and AGEE, Circuit Judges.

_____

Dismissed in part; affirmed in part by unpublished per curiam opinion.

_____

Slade C. Trabucco, SULLIVAN, TRABUCCO & WAGONER, LLP, Wilmington, North Carolina, for Appellant.  Anne Margaret Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this appeal filed pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), Bashiri Algbala Powell appeals his conviction and the 240-month sentence he received upon pleading guilty to one count of distributing fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2000). In response, the Government has filed a motion to dismiss, asserting the waiver of appellate rights included in Powell's plea agreement precludes appeal of his sentence. Powell filed a pro se supplemental brief, arguing the Government breached the plea agreement and that he received ineffective assistance of counsel. For the reasons set forth below, we affirm in part and grant the Government's motion to dismiss in part.

We first conclude that Powell has waived his right to appeal his sentence and its calculation. A defendant may, in a valid plea agreement, waive the right to appeal under 18 U.S.C. § 3742 (2000). <u>United States v. Wiggins</u>, 905 F.2d 51, 53 (4th Cir. 1990). We review the validity of an appellate waiver de novo, and will enforce the waiver if it is valid and the issue appealed is within the scope thereof. <u>United States v. Blick</u>, 408 F.3d 162, 168 (4th Cir. 2005). An appeal waiver is valid if the defendant knowingly and intelligently agreed to the waiver. <u>Id.</u> at 169. "An appeal waiver is not knowingly or voluntarily made if the district court fails to specifically question the defendant concerning the

- 2 -

waiver provision . . . during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant did not otherwise understand the full significance of the waiver." United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (internal quotation marks omitted). Ultimately, however, the issue is "evaluated by reference to the totality of the circumstances." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002).

The appellate waiver set forth in Powell's plea agreement provided that Powell waived his right:

> [T]o appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, . . . excepting an appeal . . . based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

Our review of the record reveals that Powell knowingly and voluntarily waived his right to appeal his sentence. The waiver's language is clear and unambiguous, and the district court reviewed the terms of the waiver with Powell at the Fed. R. Crim. P. 11 hearing to ensure he understood it. Accordingly, we conclude the waiver is valid and enforceable.

In an attempt to avoid the impact of the appellate waiver, Powell asserts the Government breached the plea agreement by failing to advocate at sentencing for the drug quantity stipulated to in the plea agreement.

A plea agreement is breached when a government promise that induces the plea goes unfulfilled. <u>Santobello v. New York</u>, 404 U.S. 257, 262 (1971). "In interpreting plea agreements," the court is guided by contract law to ensure "each party receives the benefit of the bargain." <u>United States v. Jordan</u>, 509 F.3d 191, 195 (4th Cir. 2007). A criminal defendant asserting the Government breached a plea agreement bears the burden of proving such a breach by a preponderance of the evidence. <u>United States v. Snow</u>, 234 F.3d 187, 189 (4th Cir. 2000). Because Powell did not raise this issue in the district court, this court reviews for plain error. <u>United States v. McQueen</u>, 108 F.3d 64, 65-66 & n.1 (4th Cir. 1997). In that situation, the appellant must show not only that the plea agreement was breached, but also that "the breach was so obvious and substantial that failure to notice and correct it affected the fairness, integrity or public reputation of the judicial proceedings." <u>Id.</u> at 66 (internal quotation marks, alterations, and citation omitted).

We have reviewed Powell's claim, and find the Government's silence at sentencing does not amount to a breach of the plea agreement. <u>See</u> <u>United States v. Smith</u>, 140 F.3d 1325, 1327 (10th Cir. 1998) ("The sentencing judge may exercise his discretion at sentencing without transforming the prosecutor's silence into a breach of the [plea] agreement."); <u>see also</u> <u>United States v. Reeves</u>, 255 F.3d 208, 210 (5th Cir. 2001) (finding

Government's failure to verbally recommend particular sentence did not amount to a breach of the plea agreement because recommendation was included in the presentence report).

Because the issues raised on appeal — a challenge to the two-level enhancement for possession of a dangerous weapon and the drug quantity attributable to Powell — fall within the scope of the waiver that Powell knowingly and voluntarily accepted, the waiver will be enforced to preclude review of Powell's sentence. Accordingly, we grant the Government's motion to dismiss Powell's appeal to the extent that it challenges his sentence.

Powell challenges his conviction by arguing his attorney provided him ineffective assistance by assuring him the court would rely upon the stipulated drug quantity in determining the drug quantity attributable to Powell. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. James, 337 F.3d 387, 391 (4th Cir. 2003); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C. § 2255 (2000)). The record in this case falls short of this exacting standard.

In accordance with Anders, we have reviewed the entirety of the record and found no meritorious issues. The district court

conducted a thorough Rule 11 hearing prior to accepting Powell's guilty plea. Accordingly, we grant the Government's motion to dismiss, in part, and dismiss Powell's challenge to his sentence. We deny, in part, the motion to dismiss and affirm the remainder of the district court's judgment.

We require that counsel inform Powell, in writing, of the right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;
<u>AFFIRMED IN PART</u>