**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS** October 29, 2009

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

v.

MICHAEL RAY ELLIS,

       Defendant - Appellant.

No. 09-4006
(D.C. No. 08-CR-00154-DB-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.[**]

Defendant-Appellant Michael Ray Ellis pled guilty to possession of a

firearm by a convicted felon. 18 U.S.C. § 922(g)(1). The district court sentenced

him to 71 months' imprisonment and three years' supervised release. His

sentence included a two-level enhancement under U.S.S.G. § 2K2.1(b)(4) for a

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

stolen firearm. On appeal, Mr. Ellis argues that the district court erred (1) by enhancing his sentence, and doing so based upon facts that the government had not proven beyond a reasonable doubt, nor established by a jury, and (2) by not enforcing the plea agreement. Our jurisdiction arises pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm.

Background

Mr. Ellis was a passenger in a truck that law enforcement officers stopped for safety violations. Aplt. Br. at 3. The officers checked the vehicle identification number and learned that the truck was stolen. Id. As the officers took Mr. Ellis into custody, they discovered a Remington shotgun between his feet. Id. at 3-4. They subsequently found a total of four firearms, and ammunition, in the stolen truck. 4 R. at 1-2. As part of his plea agreement, Mr. Ellis stipulated that he possessed a stolen shotgun, and the government agreed to recommend a sentence at the low-end of the applicable guidelines range. 1 R. Doc. 40 at 3-5.

The presentence report (PSR) calculated Mr. Ellis's total offense level at 19. 4 R. at 3. The report found his base offense level to be 20, in accordance with U.S.S.G. § 2K2.1(a)(4)(A) (2008). 4 R. at 3. The report applied both a two-level enhancement for a stolen firearm, U.S.S.G. § 2K2.1(b)(4), and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. 4 R. at 3.

Given a criminal history category of V, the guideline range was 57 to 71 months. 4 R. at 11. At sentencing in January 2009, the court adopted the presentence report, including the enhancement. 3 R. at 3. The court declined to follow the parties' recommendation of a sentence at the low end of the advisory guideline range. 2 R. at 12-14. Instead, the court sentenced Mr. Ellis at the high end of the range. 2 R. at 10, 14.


Discussion

A. Sentence Enhancement

Mr. Ellis argues that we must remand his case for resentencing because the district court committed structural error when it sentenced him pursuant to an unconstitutional procedure. Aplt. Br. at 13-16. He argues that the district court violated his Sixth Amendment right to a trial by jury under United States v. Booker, 543 U.S. 220 (2005), by "integrating facts for enhancements that had not been proven beyond a reasonable doubt nor established by a jury." Id. at 1, 6-12. When a court applies the Sentencing Guidelines, we review the court's"legal conclusions de novo and its factual findings for clear error." United States v. Kristl, 437 F.3d 1050, 1054 (10th Cir. 2006) (citations omitted).

"Booker, quite clearly, does not prohibit the district court from making findings and applying the enhancements and adjustments to [defendant's] sentence as long as it did not view or apply the Guidelines as mandatory." United

States v. Visinaiz, 428 F.3d 1300, 1316 (10th Cir. 2005) (citation omitted); see also United States v. Ivory, 532 F.3d 1095, 1103 (10th Cir. 2008). As defendant's counsel recognized, the court sentenced Mr. Ellis under an advisory guidelines system. 3 R. at 4. The court said nothing at the sentencing to indicate that it regarded the Guidelines as mandatory. Therefore, enhancing Mr. Ellis's sentence through judge-found facts does not violate his Sixth Amendment rights under Booker.

In any event, the facts necessary for the two-level enhancement were not in dispute. Aplee Br. at 10-11. Section 2K2.1(b)(4) requires that "[i]f any firearm . . . was stolen" the court must enhance the sentence by two offense levels. U.S.S.G. § 2K2.1(b)(4). On appeal, Mr. Ellis argues that he never conceded "that the gun was stolen or that he knew the gun was stolen." Aplt. Br. at 8. However, in his sentencing memorandum, Mr. Ellis conceded that the firearm was stolen, although he denied having actual knowledge that it was stolen when he was in joint and constructive possession of it. 1 R. Doc. 41 at 1.

Regardless, this enhancement does not require that Mr. Ellis knew the gun was stolen at the time he possessed it. U.S.S.G. § 2K2.1, cmt. n.8 (2008). We like other circuits have long and unanimously held that Section 2K2.1(b)(4) lacks a scienter requirement. United States v. Sanders, 990 F.2d 582, 584 (10th Cir. 1993) (citing cases) (abrogated on other grounds by United States v. Gomez-Arrellano, 5 F.3d 464, 466-67 (10th Cir. 1993)); *see* United States v. Murphy, 96

-4-

F.3d 846, 848-49 (6th Cir. 1996) (affirming line of authority).

In sum, the government need only prove that the gun was stolen, and Mr. Ellis and counsel repeatedly admitted that the gun was stolen. 1. R. Doc. 40 at 4; 1 R. Doc. 41 at 1; 2 R. at 3. Mr. Ellis' suggestions that the district court based the enhancement upon insufficient evidence or that the court should have held an additional hearing are without merit. See Aplt. Br. at 13, 16.

B. Breach of Plea Agreement

Mr. Ellis next argues that the government's "wilful breach of the plea agreement violated his due process rights." Id. at 17. He argues that this breach amounted to structural error. Id. at 17, 19. Before examining the allegation of breach further, we must reject this latter proposition outright. "[B]reach of a plea deal is not a 'structural' error." Puckett v. United States, 129 S. Ct. 1423, 1432 (2009) "[S]ome breaches may be curable upon timely objection — for example, where the prosecution simply forgot its commitment and is willing to adhere to the agreement." Id. at 1432.

Mr. Ellis claims the government failed to recommend a sentence at the low end of the guideline range in accordance with the plea agreement. Aplt. Br. at 17-18. After the court indicated that it was "going to sentence the defendant to the high end, 71 months," 2 R. at 10, Mr. Ellis's counsel asked the court "to reconsider in terms of the high end of the guideline range." 2 R. at 12. Counsel explained that "[t]his is a case where at least the statement in advance of plea

discusses that there be an affirmative recommendation for the bottom of the guideline range . . . ." 2 R. at 12. The government apologized and acknowledged the agreement, and defendant's counsel argued that Mr. Ellis was due the benefit of his bargain with the government. Id. Federal Rule of Criminal Procedure 51(b) instructs that a "party may preserve a claim of error by informing the court — when the court ruling or order is made or sought — of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." Given this exchange, we hold that Mr. Ellis's counsel did object to an alleged breach of the plea agreement. Id.

The standard of review for a claim of a breach of a plea agreement where the defendant timely objected to the alleged breach is de novo as to questions of law and for clear error as to questions of fact. Pierce v. Underwood, 487 U.S. 552, 558 (1988). Where a defendant fails to object at the time of the alleged breach, he forfeits his claim of error and our review becomes for plain error. Puckett v. United States, 129 S. Ct. at 1428-29; United States v. Bullcoming, 579 F.3d 1200, 1205 (10th Cir. 2009) (following Puckett and applying a plain error test).

Turning to the merits, although the presentence report did not include the sentencing recommendation, the government submitted its recommendation to the court in its accompanying memorandum. 1 R. Doc. 44 at 2. As well, the government acknowledged the recommendation when defense counsel prompted,

and the district court entertained arguments about it.  2 R. at 12-13.  Mr. Ellis

contends that this was insufficient.  He claims that the government breached the

plea agreement by not "affirmatively" recommending a sentence at the low end of

the advisory guidelines' range.  Aplt. Br. at 17-18; Aplt. Reply Br. at 5.

Although the best practice would be for the government to stand and make

its recommendation publicly, in Smith we held that the government abides by a

plea agreement's obligation to make a sentencing recommendation when (1) a

prior sentencing document submitted to the court makes the recommendation, and

(2) the government does not allocute against the recommendation.  United States

v. Smith, 140 F.3d 1325, 1327-28 (10th Cir. 1998).  This is true even if the

government is silent about the recommendation during a sentencing hearing.  Id.

We have construed Smith to allow the government to make its recommendation in

any sentencing document.  United States v. VanDam, 493 F.3d 1194, 1201 (10th

Cir. 2007).

Even if the government remained silent at the sentencing hearing, its failure

to allocute would not breach the agreement.  Here, the government did more—it

listed its recommendation in the sentencing memorandum and it acknowledged

the agreement orally at the sentencing hearing.  1 R. Doc. 44 at 2; 2 R. at 12-13.

Moreover, the district judge evidently considered the recommendation.  2 R. at

12-13.  The district judge contrasted an agreement calling for a recommendation

with an agreement promising a particular sentence under Federal Rule of Criminal

-7-

Procedure 11(c)(1)(C).  2 R. at 12-13.  Ultimately, the district court simply declined to follow the parties' recommendation.  2 R. at 12-14.  Therefore, we find that the government did not breach Mr. Ellis's plea agreement.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge