FILED
United States Court of Appeals
Tenth Circuit

April 19, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY PRICE,

    Defendant - Appellant.

No. 20-1330
(D.C. No. 1:16-CR-00352-MSK-GPG-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Rodney Price pleaded guilty to possessing a firearm after having been convicted of a felony. The district court sentenced him to serve fifty-five months in prison, a term falling within the advisory Sentencing Guidelines range of fifty-one to sixty-three months. The plea agreement included a broad waiver of Mr. Price's appellate rights. Yet he has filed a notice of appeal. The government now moves to enforce the appeal waiver and to dismiss this appeal.

We will enforce an appeal waiver if (1) "the disputed appeal falls within" the waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam). The government argues that all three of these circumstances exist in this case.

Mr. Price's defense counsel responded to the government's motion, asserting that any opposition to the motion would be frivolous and moving to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Counsel did, however, identify two potential issues. First, counsel says that Mr. Price believes the government breached the plea agreement by failing to fully support his motion for a downward variance. And second, counsel tells us that Mr. Price's allegations may "raise the specter of prosecutorial misconduct." Resp. at 12. We sent a copy of counsel's response to Mr. Price and gave him a chance to file his own response. The deadline for Mr. Price to respond has passed, and we have not received anything from him.

After reviewing the record, we conclude that Mr. Price's appeal waiver should be enforced under *Hahn*. In other words, the appeal falls within the scope of Mr. Price's waiver, his waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice.

The prosecutor did not breach the plea agreement, conduct that would render the appeal waiver unenforceable, *see United States v. Doe*, 865 F.3d 1295, 1301 (10th Cir. 2017). In the plea agreement, the prosecutor agreed to support Mr. Price's motion for a downward variance and to recommend a twenty-seven-month prison sentence. These promises are listed in the presentence report. When a presentence report contains the prosecutor's recommendations, the prosecutor need not "allocute

2

in favor of specific adjustments in the defendant's sentence." *United States v. Smith*, 140 F.3d 1325, 1327 (10th Cir. 1998). It is enough that "the prosecutor does not allocute against an agreed-upon adjustment." *Id.* At the sentencing hearing in this case, the prosecutor did not advocate against the sentence that he had agreed to recommend. Quite the contrary, he explained why he thought a twenty-seven-month sentence "would result in justice in the big picture." R. vol. 3 at 58.

To the extent Mr. Price wishes to pursue a claim of prosecutorial misconduct, he may not do so in a direct appeal. Mr. Price waived "the right to appeal any matter in connection with" his case. *Id*. vol. 1 at 15. This waiver contained three exceptions, but as defense counsel points out, none of them apply. And so the waiver forecloses any prosecutorial-misconduct claim on direct appeal. Although Mr. Price's plea agreement required him to waive his right to collaterally attack his conviction or sentence, the agreement contains an exception preserving his right to pursue a collateral attack on the ground that he "was prejudiced by prosecutorial misconduct." *Id.* at 16. Mr. Price therefore must raise any prosecutorial-misconduct claim in collateral proceedings rather than in a direct appeal.

We grant the government's motion to enforce the appeal waiver, grant defense counsel's motion to withdraw, and dismiss this appeal.

Entered for the Court
Per Curiam