PAUL KELLY, JR., Circuit Judge.
Defendant-Appellant Redelk Ironhorse Thomas, a.k.a. Robert Henry Werner, pursuant to a written plea agreement, pleaded guilty to one count of mailing threatening communications in violation of 18 U.S.C. § 844(e). He was sentenced to a term of imprisonment of 24 months followed by three years of supervised release. On appeal, Mr. Thomas contends that the government violated the terms of the plea agreement by not allocuting at the sentencing hearing. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and affirm.

Background

Mr. Thomas was charged in a three-count indictment with mailing threatening communications in violation of 18 U.S.C. § 876 (Count I), and mailing threatening communications in violation of 18 U.S.C. § 844(e) (Counts II and II). He entered into a plea agreement with the government whereby he would plead guilty to Count Two. In.exchange, the government agreed to several obligations, including the following: “The government will recommend that [Mr. Thomas] be sentenced at the low end of the applicable guideline range.” I R. Doc. 69 at 6. During the change of plea hearing, the district court carefully reviewed the agreement with Mr, Thomas, expressly reminding him that “[t]he government will also recommend that you be sentenced at the low end of the applicable Guideline range.” IV R. at 10. At the conclusion of the hearing, Mr. Thomas signed the plea agreement and the court accepted his guilty plea.
At sentencing on August 23, 2001, Mr. Thomas spoke for over 55 minutes to announce a range of objections to the Pre-sentence Report (“PSR”), his treatment in confinement and other issues not relevant here. V R. at 31. The PSR expressly noted that “the government also agreed ... to recommend [Mr. Thomas] be sentenced at the low end of the applicable guideline range.” VI R. at 2. During the hearing, the district court indicated that it had read Mr. Thomas’ PSR “about 3 times.” V R. at 30. Mr. Thomas twice expressed his agreement with the PSR’s conclusion regarding the appropriate sentencing range of 18 to 24 months: “the 18 to 24 I’m not going to dispute that,” V R. at 29, and “I agree with the 18 to 24 months.” Id. at 41. During the sentencing hearing, (1) the government did not verbalize its recommendation that Mr. Thomas be sentenced at the low end of the range, (2) Mr. Thomas did not object to the government’s failure to do so, and (3) the court itself made no specific reference to the sentencing recommendation. Mr. Thomas received a sentence of 24 months imprisonment, the highest permitted under the guideline range. Id.

Discussion

A claim that the government has breached a plea agreement is a question of law we review de novo, even where, as here, the defendant failed to object at the time of the alleged breach. United States v. Peterson, 225 F.3d 1167, 1170 (10th Cir.2000); see also id. .at n. 2 (noting the circuit split on whether to apply a plain error analysis, as do a majority of circuits, or de novo review).
*1170 Government promises in a plea agreement must be fulfilled to maintain the integrity of the plea. Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). We apply a two-step analysis to determine if the government breached a plea agreement: (1) we examine the nature of the government’s promise; and (2) we evaluate this promise in light of the defendant’s reasonable understanding of the promise at the time the guilty plea was entered. United States v. Brye, 146 F.3d 1207, 1210 (10th Cir.1998). Principles of general contract law guide our analysis of the government’s obligations under the agreement. Thus, in assessing whether the government has breached the agreement, we look first to the express terms of the agreement, and if applicable, we construe any ambiguities against the government as the drafter of the agreement. Id.
The plea agreement contained the following language: “The government will recommend that [Mr. Thomas] be sentenced at the low end of the applicable guideline range.” I R. Doc. 69 at 6. Mr. Thomas contends that this required the government to allocute in favor of sentencing at the low end of the guidelines. Our holding in United States v. Smith, 140 F.3d 1325 (10th Cir.1998), controls our analysis of this provision. In Smith, we held that “the term ‘recommendation’ in a plea agreement does not require the prosecutor to allocute in favor of specific adjustments in the defendant’s sentence if the recommendations are contained in the PSR and the prosecutor does not allocute against an agreed-upon adjustment.” 140 F.3d at 1327. We noted that “[defendants should be advised that when there is no specific statement in a plea agreement that the government must allocute in favor of its recommendation(s) at a sentencing hearing, the government can satisfy the term ‘recommendation’ by having its recommendations included in the PSR, which is then called to the attention of the sentencing court.” Id.
In this case, the government agreed in the plea agreement to recommend that Mr. Thomas be sentenced at the low end of the guideline range. The sentencing judge was aware of this recommendation, having advised Mr. Thomas of it during the change of plea hearing. Furthermore, the recommendation was included in the PSR, which the sentencing judge reviewed immediately prior to sentencing. The plea agreement contained no specific language requiring the government to allocute at sentencing and the government did not allocute against the recommendation. In light of Smith, the legal implications of the government’s promise are clear. Mr. Thomas’ reasonable expectations concerning the government’s promise were fulfilled. His failure to object at sentencing is but further evidence that his expectations of the government were satisfied. As we noted in Smith, the sentencing judge may exercise his discretion at sentencing to ignore the government’s recommendation without transforming the prosecutor’s silence into a breach of the plea agreement. 140 F.3d at 1327.
Contrary to the dissent, we will not presume that an experienced district judge sentenced Mr. Thomas without awareness of the plea agreement, particularly when the terms of that agreement were contained in the PSR. No matter how much we deconstruct its language, Smith still controls this case; “would recommend” as used in Smith, 140 F.3d at 1326, and “will recommend” as used in this plea agreement, are legally indistinguishable. The government’s obligation to make a nonbinding recommendation was satisfied under the circumstances given our precedent.[1] It is telling that Smith never dis *1171 cusses either the passage of time between the plea hearing and the sentencing hearing, nor the precise language of the plea agreement included in the PSR at issue in that case, for neither factor is legally relevant to the straightforward holding of Smith: “We hold that the term ‘recommendation’ in a plea agreement does not require the prosecutor to allocute in favor of specific adjustments in the defendant’s sentence if the recommendations are contained in the PSR.... ” 140 F.3d at 1327. Apparently, even Mr. Thomas himself no longer believes that the government breached the plea agreement by failing to allocute concerning the recommendation, for he has moved to dismiss this appeal without prejudice, characterizing the issues raised by his able counsel in this appeal as “frivolous.”
AFFIRMED. The motion to dismiss the appeal is DENIED.

. Although a divided panel of the Ninth Circuit has held that the district court’s aware *1171 ness of the recommendation contained in the plea agreement is insufficient in the absence of government allocution prior to sentencing, see United States v. Myers, 32 F.3d 411, 413 (9th Cir.1994) (per curiam), this court declined to follow Myers, citing it as contrary authority in Smith. Smith, 140 F.3d at 1327.