**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 21, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT SCOTT NOVOSEL, also
known as Bob Novosel, also known as
Joe Novosel, also known as Bob
Novosell,

    Defendant - Appellant.

No. 03-4190
(D. Utah)
(D.Ct. No. 2:01-CR-507-DS)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **O'BRIEN**, Circuit Judges, and **HEATON**, District Judge.[**]

This panel granted appellant's Motion to Stay Mandate and Permit

Supplemental briefing on February 11, 2005, and to file *instanter* the pleading

received from appellant titled "Petition for Rehearing or Supplemental Pleading."

Appellee was granted leave to file a response. After examining the briefs and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] The Honorable Joe Heaton, United States District Judge for the Western District of Oklahoma, sitting by designation.

appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of the supplemental briefing in this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pursuant to a plea agreement, on September 11, 2002, Novosel pled guilty to possession of a chemical (red phosphorus) used to manufacture a controlled substance (methamphetamine) and possession with intent to distribute five grams or more of actual methamphetamine. For its part, the Government agreed to recommend a three-level downward adjustment for acceptance of responsibility (USSG §3E1.1) and to file a motion pursuant to 18 U.S.C. § 3553(e) based on Novosel's substantial assistance in the prosecution of another individual. Novosel was released pending sentencing, then absconded and failed to appear at sentencing. He was apprehended four months later. Novosel eventually admitted to absconding from pretrial release supervision and failing to appear for sentencing. As a result of these admissions, the Government sought an obstruction of justice adjustment (USSG §3C1.1) and argued Novosel was no longer entitled to an acceptance of responsibility adjustment. It also informed the court it was no longer willing to file a § 3553(e) motion. After increasing the base offense level by two for obstruction of justice and denying an acceptance of responsibility adjustment, the court sentenced Novosel to 110 months

imprisonment.[1]

Novosel appealed, alleging the Government breached the plea agreement by unilaterally declaring that his absconding violated the plea agreement, thereby relieving the Government from its plea agreement obligations. We affirmed. *United States v. Novosel*, 2004 WL 1406319 (10th Cir. June 24, 2004) (unpublished). Subsequently, Novosel requested rehearing *en banc*, which was denied on February 2, 2005. Two days later, he filed a Motion to Stay Mandate and to Permit the Filing of a Petition for Rehearing or Other Pleading in Order to Raise a *Booker* Claim. On February 8, 2005, Novosel filed a supplemental pleading, arguing his sentence violates the remedial holding in *United States v. Booker*,-- U.S.--,125 S.Ct. 738 (2005).[2] On February 11, 2005, we granted Novosel's motion to stay the mandate and to file a supplemental pleading and allowed the Government thirty days in which to respond to his supplemental pleading. The Government filed its response on March 14, 2005. Exercising

---

[1] Because Novosel was sentenced pursuant to the 2002 edition of the United States Sentencing Guidelines Manual, all guideline citations refer to the 2002 edition, unless noted otherwise.

[2] In *Booker*, the Supreme Court extended its holding in *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), to the federal sentencing guidelines, holding that the Sixth Amendment requires "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict [to] be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker,* 125 S.Ct. at 756. To remedy the constitutional infirmity of the guidelines, *Booker* invalidated their mandatory nature, requiring the district court to consult them in an advisory fashion. *Id.* at 756-57 (severing and excising 18 U.S.C. §§ 3553(b)(1), 3742(e)).

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I. Discussion

Novosel did not raise his *Booker* claim in the district court.[3]  Thus, we review for plain error.[4]  *United States v. Gonzalez-Huerta*, 403 F.3d 727, 730 (10th Cir. 2005) (*en banc*).  "Plain error occurs when there is (1) error, (2) that is plain, which (3) affects substantial rights, and which (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 732.  We have discretion to notice plain error.  FED. R. CRIM. P. 52(b).  Here, Novosel concedes he admitted to the quantity of drugs used to determine his base offense level[5] and to the conduct supporting the obstruction of justice adjustment.[6]

---

[3] The only objection Novosel raised to the presentence report concerned the probation officer's calculation of the criminal history category as level V.  He claimed one of the convictions used to support this calculation should be stricken based on an absence of proof.  The district court agreed, lowering Novosel's criminal history category to level IV.

[4] Novosel did not waive his right to appeal a sentence imposed in violation of the law or based on an incorrect application of the guidelines.

[5] At the change of plea hearing and in the plea agreement, Novosel admitted he possessed with intent to distribute 9.3 grams (5.1 grams pure) of methamphetamine.  The indictment, to which he pled, specifically charged him with possession with intent to distribute five grams or more of actual methamphetamine.  Pursuant to the guidelines, he was assigned a base offense level of 26, which is the base offense level for an offense involving at least five grams but less than twenty grams of actual methamphetamine.  *See* USSG §2D1.1 (c)(7)(assigning a base offense level of 26 for "at least 5 G but less than 20 G of Methamphetamine (actual). . .").

[6] Initially, Novosel denied violating the conditions of his pretrial release.  Therefore, on June 5, 2003, an evidentiary hearing was held.  At that hearing, Novosel changed course, admitting to violating his pretrial release conditions by *inter alia*

However, he claims his sentence still violates *Booker* because he was sentenced pursuant to the mandatory guidelines. We refer to this type of error as non-constitutional *Booker* error. *Gonzalez-Huerta*, 403 F.3d at 731-32. Applying the plain error test, we conclude Novosel cannot satisfy its fourth prong.

"Under the fourth prong of plain-error review, a court may exercise its discretion to notice a forfeited error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 736. If "non-constitutional *Booker* error" is involved, the standard for satisfying the fourth prong is "demanding"—the defendant must show that the error is "particularly egregious" and that our failure to notice it would result in a "miscarriage of justice." *United States v. Dazey*, 403 F.3d 1147, 1178 (10th Cir. 2005) (quotations omitted). We have recognized that in most cases involving non-constitutional *Booker* error the defendant will be unable to satisfy the fourth prong. *See United States v. Trujillo-Terrazaz*, 405 F.3d 814, 820-21 (10th Cir. 2005) (recognizing the difficulty in establishing the fourth prong in cases involving non-constitutional *Booker* error but finding that defendant had satisfied the fourth prong). This case is no exception.

Novosel received a sentence within the national norm as established by the guidelines and there is no mitigating evidence supporting a lower sentence. *See Gonzalez-Huerta*, 403 F.3d at 738-39 (considering in fourth prong analysis whether

absconding from pretrial supervision and failing to appear at sentencing.

-5-

the defendant received a sentence within the guidelines/national norm and whether the record supported a lower sentence). At sentencing, the judge, in denying an acceptance of responsibility adjustment, noted: "I certainly was willing to give him acceptance previously, but the conduct following that is, I am just afraid, negated. It's tied my hands with respect to what I feel I can do for him." (R. Vol. III at 4.) He further acknowledged that he was initially disposed to helping Novosel but "his disregard or disrespect for his counsel and for the Court and the system and law enforcement, I just don't know that I feel that I can give him consideration for acceptance." (*Id.* at 10.) These statements demonstrate it was not the mandatory nature of the guidelines which restricted the judge from exercising any leniency, but rather, Novosel's own conduct, which included not only absconding from pretrial release supervision but fleeing when officers sought to re-apprehend him. While we recognize that the judge sentenced Novosel at the low end of the guideline range because he believed the sentence was "rather lengthy" (*id.*), there is no indication the judge would impose a different sentence on remand, even under a purely discretionary guideline scheme. Indeed, even on remand the district court would be required to consult the guidelines, and Novosel's behavior while on pretrial release supervision would impact any consideration of 18 U.S.C. § 3553(a)[7] factors. *See*

---

[7] Section 3553(a) states in relevant part:

(a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular

*Booker*, 125 S.Ct. at 764 ("Without the 'mandatory' provision, the [Sentencing Reform Act of 1984] nonetheless requires judges to take account of the Guidelines together with other sentencing goals" contained in 18 U.S.C. § 3553(a).).

## II. Conclusion

Based on the above, we AFFIRM the judgment of the district court.

**Entered by the Court:**

---

sentence to be imposed, shall consider--

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

**Terrence L. O'Brien**
United States Circuit Judge

03-4190, United States v. Novosel

**BRISCOE,** Circuit Judge**,** dissenting:

I previously dissented from the majority's conclusions that (1) the government did not unilaterally declare that Novosel had breached the plea agreement and (2) the district court made findings that satisfied the requirements set forth in United States v. Guzman, 318 F.3d 1191 (10th Cir. 2003), i.e., "to determine whether Novosel breached the agreement and, if so, whether to release the government from its obligations and commitments." United States v. Novosel, 102 Fed. Appx. 138, 145, 2004 WL 1406319, *6 (10th Cir. June 24, 2004) (Briscoe, J., dissenting). Because I would reverse and remand for further proceedings to determine whether either Novosel or the government breached the plea agreement and what effect any such breach may have had, I would not reach the Booker sentencing error now asserted by Novosel.