**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BUDDY E. GILBERT,

Defendant - Appellant.

No. 04-3419

(D. Kansas)

(D.C. No. 04-CR-10022-01-WEB)

**ORDER AND JUDGMENT***

Before **HENRY**, **ANDERSON**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Buddy E. Gilbert appeals his sentence, arguing that the United States breached his plea agreement by supporting a sentencing enhancement

_____

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

recommended in his Presentence Investigation Report ("PIR") by the United States Probation Office. We affirm.

**BACKGROUND**

Gilbert and a codefendant were indicted on February 10, 2004, on charges of one count of falsely making, by photocopying, Federal Reserve Notes, in violation of 18 U.S.C. § 471 and 18 U.S.C. § 2, and one count of attempting to pass two falsely made twenty-dollar bills, in violation of 18 U.S.C. § 472 and 18 U.S.C. § 2. Gilbert subsequently failed to appear at a motions hearing scheduled for May 7, 2004. On July 12, 2004, Gilbert entered into a plea agreement with the United States, whereby Gilbert agreed to plead guilty to one count of possession of counterfeit currency, in violation of 18 U.S.C. § 472, and one count of failing to appear, in violation of 18 U.S.C. § 3146(a). In exchange, the United States agreed to move for dismissal of the original indictment, to recommend a two-level sentencing reduction for acceptance of responsibility, and to recommend a sentence at the low end of the applicable guideline range. The plea agreement stated that it "supersedes any and all other agreements or negotiations between the parties" and "embodies each and every term of the agreement between the parties." Plea Agreement at 7, R. Vol. I, tab 69. The agreement further stated that conduct charged in the dismissed indictment, in addition to any

other uncharged related criminal activity, would be considered relevant conduct for purposes of calculating Gilbert's offense level in accord with United States Sentencing Guidelines, Guidelines Manual ("USSG") §1B1.3. The plea agreement also contained clauses whereby Gilbert agreed to waive his rights to appeal his conviction or sentence and to raise any claims under Blakely v. Washington, 542 U.S. 296 (2004).

The same day the plea agreement was signed, the United States filed an information reflecting the agreed-upon charges, and Gilbert entered a guilty plea. At the change of plea hearing, the district court asked Gilbert if he understood that sentencing was "solely a matter within the control of the judge," Change of Plea Hr'g at 13, R. Supp. Vol. I, that "there's no limitation on the information the judge can consider at the time of sentencing," id., and that "the Court can take into consideration all relevant conduct," including the conduct charged in the dismissed indictment, id. at 14. Gilbert answered "Yes" to each of these questions. The court also asked whether "the only promises made to [Gilbert] [we]re those contained in [Gilbert's] plea agreement," and Gilbert again answered "Yes." Id. at 21. At the end of the hearing, the district court accepted Gilbert's guilty plea, finding it was made "freely, voluntarily and because he is guilty as charged, not out of ignorance, fear, inadvertence or coercion and with a full understanding of its consequences." Id. at 22.

The U.S. Probation Office issued its PIR on September 27, 2004. The PIR recommended a two-level increase in Gilbert's offense level, pursuant to USSG §2B5.1(b)(2)(A), because Gilbert "manufactured the counterfeit obligations." PIR at 8, R. Vol. III. The PIR stated that, despite the government's agreement to recommend a two-level reduction for acceptance of responsibility, it did not believe Gilbert qualified for the reduction. Based on an adjusted offense level of 17 and criminal history category of II, the PIR calculated a guideline range for imprisonment of 27 to 33 months.

Gilbert filed objections to the PIR's recommendations, including an objection to the two-level enhancement, pursuant to USSG §2B5.1(b)(2)(A), based on his manufacturing of counterfeit bills. At the sentencing hearing, he argued that the only evidence of his involvement in the manufacture of the bills came from his codefendant's relatives and that there was therefore a factual dispute as to whether he was actually involved. He further argued that the enhancement should be denied because Gilbert had pled guilty only to possession and the information including the possession charge did not contain any allegation that Gilbert was involved in manufacturing. The court denied this objection, reasoning that "the conduct of [Gilbert's codefendant] in manufacturing the bills is considered relevant conduct under section 1B1.3 and [Gilbert] is, therefore, responsible for it because it was a foreseeable acknowledgment taken in

preparation of their jointly undertaken offense of passing and possessing the counterfeit billings." Sentencing Hr'g at 31, R. Vol. II. The court thereupon sentenced Gilbert to an imprisonment term of twenty-seven months on count 1 and three months on count 2, to run consecutively, followed by two years' supervised release.

Gilbert appeals, arguing that his waiver of appellate rights in the plea agreement does not apply because the United States breached the agreement by supporting the §2B5.1(b)(2)(A) enhancement for manufacturing. Gilbert accordingly requests that the plea agreement be set aside and that he receive a new trial on the sentencing enhancement pursuant to Blakely and United States v. Booker, 543 U.S. 220 (2005).

## DISCUSSION

"A claim that the government has breached a plea agreement is a question of law we review de novo, even where, as here, the defendant failed to object at the time of the alleged breach." United States v. Werner, 317 F.3d 1168, 1169 (10th Cir. 2003). In order to determine whether a breach has occurred, we "1) examine the nature of the promise; and 2) evaluate the promise in light of the defendant's reasonable understanding of the promise at the time of the guilty plea." United States v. Guzman, 318 F.3d 1191, 1195-96 (10th Cir. 2003).

"General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." Id. at 1195.

Here, Gilbert's claim that the United States breached the plea agreement rests on his assertion that the United States promised him, during plea negotiations, "that manufacture would not be part of the sentencing analysis." Appellant's Br. at 6. However, the plea agreement itself gives no express indication that the United States made such a promise and furthermore states that it "supersedes any and all other agreements or negotiations" and "embodies each and every term of the agreement." Plea Agreement at 7, R. Vol. I, tab 69. Gilbert argues that the fact that the United States filed a substitute information not containing a manufacture charge, together with the fact that the plea agreement's statement of stipulated facts did not mention manufacturing, indicates that such a promise was made. As indicated above, however, the plea agreement clearly indicates that relevant conduct not mentioned in the agreement itself may be taken into account for sentencing purposes. The agreement thus cannot be understood to contain the promise that Gilbert alleges, and there is therefore no basis for concluding that the United States breached the agreement.

Gilbert does not argue that his waiver of appellate rights in the plea agreement is otherwise invalid under the framework set forth in United States v.

<u>Hahn</u>, 359 F.3d 1315 (10th Cir. 2004) (en banc).  We therefore conclude that the waiver must be enforced and Gilbert's appeal dismissed.

## CONCLUSION

For the foregoing reasons, Gilbert's appeal is DISMISSED.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

-7-