FILED
United States Court of Appeals
Tenth Circuit

**March 21, 2011**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BOYTINA LOCKE,

Defendant - Appellant.

No. 09-3222
(D. Ct. No. 2:07-CR-20167-KHV-7)
(D. Kan.)

---

**ORDER AND JUDGMENT***

---

Before **TACHA**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Boytina Locke entered into a plea agreement and pleaded guilty to conspiracy to manufacture, to posses with intent to distribute, and to distribute fifty grams or more of cocaine base and to possess with intent to

---

*This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), (b)(1)(A)(iii). He was sentenced to 360 months' imprisonment. On appeal, he contends that the government breached the plea agreement. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we VACATE and REMAND.

## I. BACKGROUND

Mr. Locke was indicted as part of a conspiracy to distribute crack cocaine throughout the Kansas City, Kansas metropolitan area. Thereafter, he entered into a plea agreement wherein he agreed to plead guilty to the conspiracy and to waive any right to appeal.[1] In exchange, the government promised to dismiss all other charges against him and "to request a sentence within the guideline range determined to be appropriate by the U.S. Probation Department and as approved by the Court."

Additionally, the government agreed to recommend that Mr. Locke receive a two-level reduction for acceptance of responsibility under § 3E1.1(a) of the United States Sentencing Guidelines Manual ("U.S.S.G."). The government also agreed that it would move for an additional one-level reduction under § 3E1.1(b) because Mr. Locke "timely notified the government of his intention to enter a plea

[1]That waiver provision, however, does not apply in this case. *See United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008) ("[A]n appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement.").

of guilty."[2] The government's obligation to seek these reductions was expressly made contingent, however, upon Mr. Locke's "continuing manifestation of acceptance of responsibility as determined by the United States." Moreover, the plea agreement stated:

> If [Mr. Locke] denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct that the court determines to be true, willfully obstructs or impedes the administration of justice as defined in U.S.S.G. § 3C1.1 (or willfully attempts to do so), or engages in additional criminal conduct, the United States reserves the right to withdraw all of its recommendations without breaching this agreement.

After conducting a Rule 11 colloquy, the district court accepted the plea agreement.

The United States Probation Office prepared an initial presentence report ("PSR"). The PSR held Mr. Locke responsible for 20.73 kilograms of cocaine, plus additional quantities of other drugs, resulting in a base offense level of 34. The PSR also recommended a two-level enhancement under § 2D1.1(b)(1) for possession of a firearm and a four-level enhancement under § 3B1.1(a) for Mr. Locke's role in the offense, for an adjusted offense level of 40. After reducing the offense level three levels pursuant to the plea agreement, and determining that Mr. Locke's criminal history category was V, the PSR author reached an advisory guidelines range of 324 to 405 months' imprisonment.

---

[2]Although the two-level reduction under subsection (a) lies within the discretion of the district court, "[a]n adjustment under subsection (b) may only be granted upon a formal motion by the Government at the time of sentencing." U.S.S.G. § 3E1.1. cmt. n.6.

Mr. Locke filed a sentencing memorandum, raising several objections to the initial version of the PSR. Of note in this appeal, Mr. Locke challenged drug transactions that were attributed to him in the PSR, claiming that the quantities were excessive. Mr. Locke also challenged the factual basis for the two-level firearm enhancement and the four-level enhancement for his role in the offense. The government filed a response opposing Mr. Locke's objections and arguing that Mr Locke should lose the three-level reduction for acceptance of responsibility "because his objections are clearly a false denial and an attempt to frivolously contest sentencing matters."

At the sentencing hearing, the government again articulated its position that Mr. Locke's objections to the PSR were frivolous, stating that it would not move for the one-level reduction for the timeliness of Mr. Locke's acceptance of responsibility and that it opposed the two-level reduction. The district court then heard testimony from an FBI agent and Mr. Locke himself concerning the drug quantities attributed to him as relevant conduct and argument from both parties concerning the two enhancements. The court resolved all of Mr. Locke's objections in favor of the government and in accordance with the PSR. The district court then determined Mr. Locke's total offense level to be 37, as recommended in the PSR.

The government objected, noting that it had withdrawn the additional one-level reduction for timely acceptance of responsibility, resulting in an offense

level of 38.  When the court asked whether the government had a "recognized ground for withdrawing" the extra level, the government responded that it did. The government then recited the language from the plea agreement that "if the defendant . . . falsely denies or frivolously contests relevant conduct that the Court determines to be true, then the United States reserves the right to withdraw its recommendation without breaching the agreement."  The government said its withdrawal of the additional level was grounded on the district court's rulings on Mr. Locke's objections to the PSR.

Mr. Locke argued against allowing the government to withdraw the one-level reduction.  He noted that the plea agreement did not require him to forego all objections to the PSR, and "[t]he fact that the government disagrees with them, and the fact that the Court ruled against him [] doesn't make it frivolous." Although it agreed with Mr. Locke, the court refused to apply the one-level reduction "because the government has to make that motion" and had not done so. The district judge stated, however, that he would take the situation into consideration when fashioning a sentence "because I don't think [Mr. Locke's] testimony was frivolous or intentionally false."  The district court ultimately sentenced Mr. Locke to 360 months' imprisonment, the bottom of the applicable guidelines range.  Mr. Locke now appeals, arguing that the government breached the plea agreement.

## II. DISCUSSION

"Where the Government obtains a guilty plea which is predicated in any significant degree on a promise or agreement with the U.S. Attorney, such promise or agreement must be fulfilled to maintain the integrity of the plea." *United States v. Villa-Vazquez*, 536 F.3d 1189, 1196 (10th Cir. 2008) (quotations omitted). "General principles of contract law define the government's obligations under the agreement, looking to the express language and construing any ambiguities against the government as the drafter of the agreement." *United States v. Guzman*, 318 F.3d 1191, 1195 (10th Cir. 2003). Generally, whether the government has breached a plea agreement is a question of law which we review de novo. *See United States v. Werner*, 317 F.3d 1168, 1169 (10th Cir. 2003). The Supreme Court has recently clarified, however, that plain-error review applies when the defendant fails to object at the time of the alleged breach. *See Puckett v. United States*, – U.S. –, 129 S. Ct. 1423, 1429 (2009). Resolving whether Mr. Locke adequately objected to the alleged breach, however, is not necessary in this appeal because the government admits to the breach, *see Guzman*, 318 F.3d at 1196, and also concedes that the district court plainly erred in sentencing him in a manner inconsistent with the terms of the plea agreement.

We therefore turn to the question of remedy. Mr. Locke requests that he be allowed to withdraw his guilty plea and stand trial. "When the government has breached a plea agreement, [however,] it is generally preferable to remand the

case to the district court for its determination as to whether defendant should be resentenced by a different judge or should be allowed to withdraw his guilty plea." *United States v. Brye*, 146 F.3d 1207, 1213 (10th Cir. 1998). But "[w]hen the government's breach is particularly egregious or intentional, we will allow [the] defendant to withdraw the guilty plea." *Id.*

Mr. Locke alleges that the government's breach was egregious and intentional for two reasons: (1) "a pattern of [mis]conduct by Kansas [federal] prosecutors"; and (2) the "obvious failure of deterrence" in "a slew of reversals for breaching plea agreements." He argues that because the Assistant United States Attorneys in Kansas continue to breach plea agreements despite the reversals, a "stronger remedy is in order," presumably allowing Mr. Locke to withdraw his plea. We disagree. Nothing in the record suggests that the government intentionally breached the plea agreement, nor is the breach in this case egregious. The district court is in a better position to determine the appropriate remedy in this case. Accordingly, we remand to the district court for a determination as to whether Mr. Locke should be resentenced by a different judge or should be allowed to withdraw his guilty plea.

## III. CONCLUSION

For the foregoing reasons, we VACATE Mr. Locke's sentence and REMAND for proceedings consistent with this opinion.


ENTERED FOR THE COURT,


Deanell Reece Tacha
Senior Circuit Judge